**USHAKOFF et al.**
v.
**UNITED STATES.**
Civ. A. No. 52–304.

United States District Court
D. Massachusetts.
Feb. 9, 1954.

LaRue Brown (of Brown, Field & McCarthy), Boston, Mass., Cedric W. Porter (of Heard, Smith, Porter & Chittick), Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., James P. Lynch, Jr., Asst. U. S. Atty., Boston, Mass., for defendant.

McCARTHY, District Judge.

This is an action against the United States to recover reasonable compensation for the allegedly unauthorized use of an invention claimed in United States Patent No. 2,455,835 granted in the name of Alexis E. Ushakoff and allegedly owned by the plaintiffs. The defendant moves to dismiss the complaint on the ground that it fails to state a cause of action within the jurisdiction of this court, and in the alternative moves for summary judgment.

■ The motion to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A., must be denied, since the amendment to Paragraph 5 of the complaint, filed December 3, 1952 cures the deficiency which had been obvious, and conforms to the spirit of the Rules which require only a "notice form" part that "Whenever, in connection with the furnishing of any assistance *in furtherance of the purpose of this chapter*—(1) use within the United States, without authorization by the owner, shall be made of an invention, * * * the exclusive remedy of the owner * * * shall be by suit against the United States in the Court of Claims or in the District Court of the United States * * *." (Emphasis supplied.) 22 U.S.C.A. § 1668(b).

The defendant also contends that the affidavits accompanying the alternative motion for summary judgment establish indisputably that the plaintiffs are unable to show that the devices with which this action is concerned have been made the subject of use within the scope of the Mutual Security Act.

As the plaintiffs argue, however, all of the pertinent information in this respect is within the possession and control of the defendant. Efforts are currently being made by the plaintiffs to obtain information by use of the Rules relating to discovery.

■ Whether there has been a use of a patented invention "in connection with the furnishing of any assistance in furtherance of the purpose of" the Mutual Security Act is a mixed question of law and fact. The allegations contained in the affidavits to the effect that "there has been no procurement under the provisions of the Mutual Security Act", that "devices were not furnished under the provisions of the Act", and that "no devices were issued under the Mutual Defense program" are conclusions only and do not furnish the basis for relief by way of summary judgment.

Since there is a material issue of fact to be tried the motion for summary judgment is denied.